UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDI N. GOODPASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-00864-SEB-DKL |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), finding Plaintiff Brandi N. Goodpaster ("Ms. Goodpaster") not entitled to Supplemental Security Income ("SSI") disability benefits under Title II and Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3). The Administrative Law Judge ("ALJ") found that Ms. Goodpaster failed to qualify as disabled because she was capable, even with her impairment, of making a successful adjustment to other work that exists in significant numbers in the national and local economy. R. at 25. After the Appeals Council denied her request for review on March 27, 2013, the Commissioner's decision became final, and Ms. Goodpaster timely exercised her right to judicial review under 42 U.S.C. § 405(g). This case was referred for consideration to Magistrate Judge LaRue, who on July 14, 2014 issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence in the record and was otherwise in accord with the law. This cause is now before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation.

## Standard of Review

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368−69 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001); *see also Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez*, 336 F.3d at 539. The Court must afford special deference to credibility determinations because ALJs "are in the best position to see and hear the witnesses and assess their forthrightness." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000); *see also Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006).

While the ALJ's decision must be based upon consideration of "all the relevant evidence," *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994), every piece of evidence need not be specifically addressed, *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010). Instead, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusions. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale proffered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93−95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

When a party properly raises specific objections to parts of a magistrate judge's report and recommendation, the district court is required to review those parts *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "may

accept, reject, or modify" the report and recommendation, *id.*, and it need not accept any portion as binding; the district court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by either party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759−61 (7th Cir. 2009). A credibility determination will be overturned only if it is patently wrong. *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

## **Discussion**

Ms. Goodpaster raises only one objection to the Report and Recommendation, to wit, that the Magistrate Judge erred in finding that the ALJ's credibility determination did not violate Social Security Ruling 96-7p. Accordingly, the Court defers to all other conclusions set forth in the Magistrate Judge's Report and Recommendation and will not further address portions of the Report to which Ms. Goodpaster did not object.

Social Security Ruling 96-7p provides that, in assessing a claimant's credibility, the ALJ is to consider the following seven factors:

(i) daily activities;

(ii) location, duration, frequency, and intensity of pain or other symptoms;

(iii) precipitating and aggravating factors;

(iv) type, dosage, effectiveness, and side effects of medication;

(v) treatment, other than medication;

(vi) any measure used to relieve pain or other symptoms; and

(vii) other factors concerning functional limitations and restrictions due to pain or other symptoms.

R. at 17−23; 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996).

Ms. Goodpaster asserts that the ALJ erred by failing to consider factors (iii) and (vi) set forth in Social Security Ruling 97-7p, and by failing to expressly rule on her credibility. We do not agree.

Contrary to Ms. Goodpaster's assertion, the ALJ did in fact examine factor (iii), considering several precipitating and aggravating factors, including Ms. Goodpaster's admission of abusing her prescription medication, (R. at 23), Dr. Berry's opinion that the claimant's "ability to work would be primarily affected by [Ms. Goodpaster's] perceived physical limitations," (R. at 21), and the deterioration of her mental status when she did not take her prescription medication due to financial constraints, (R. at 21). Although the ALJ did not specifically mention factor (vi), this alone does not constitute error, given the thorough analysis provided by the ALJ with regard to every other factor.

In asserting that the ALJ failed to make an express determination of credibility, Plaintiff contends that the "ALJ failed to give the specific reasons required by SSR 96-7p for rejecting claimant's testimony." Pl.'s Objections 4. As support for this argument, Ms. Goodpaster points to the Seventh Circuit decision in *Steele v. Barnhart*, 290 F.3d 936 (7th Cir. 2002), which held that an ALJ's evaluation of a claimant's credibility must do more than merely invoke a legal rule, but must also apply the factors set forth in Social Security Ruling 96-7p so that the applicant and subsequent reviewers "will have a fair sense of how the applicant's testimony is weighed." *Steele*, 290 F.3d at 942.

It is true that an ALJ's determination of credibility "must contain specific reasons for the finding . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p, 1996 WL 374186, at *2

(July 2, 1996). However, Ms. Goodpaster's reliance on *Steele* is inapt. In that case, the ALJ's opinion discredited the claimant's testimony in a single sentence, which merely invoked the legal rule instead of applying any of the factors set forth in Social Security Ruling 96-7p. *Steele*, 290 F.3d at 942. Here, by contrast, the ALJ devoted seven pages to examining Ms. Goodpaster's credibility. R. at 17−23.

Within these seven pages the ALJ provided more than a mere single conclusory statement that "the allegations are (or are not) credible" or a simple recitation of the factors considered. SSR 96-7p, 1996 WL 374186, at *2 (July 2, 1996). Instead, as required by Social Security Ruling 96-7p, the ALJ "consider[ed] the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." *Id.*

For example, the ALJ assessed the consistency of Ms. Goodpaster's statements, noting Plaintiff's inconsistent reports of prior drug usage to medical providers—at times reporting that she had never used illegal drugs and at other times reporting that she abused drugs at the rate of "as much as [she] could get." *Compare* R. at 20, *with* R. at 22. Plaintiff also reported medical conditions to Meridian Services that were inconsistent with her reports to two previous examiners. R. at 21. Furthermore, as directed by the Social Security Rule 96-7p, the ALJ compared Ms. Goodpaster's statements about her daily activities with the evidence as a whole, including reports and observations by other persons. R. at 22. For instance, the ALJ found that in light of Ms. Goodpaster's own admissions and her mother's reports in regards to Ms. Goodpaster's daily activities, her limitations are not as severe as she alleges. R. at 22. In light of

these considerations, the ALJ properly found that the multiple discrepancies between Ms. Goodpaster's testimony and the evidence of record "diminish[ed] the persuasiveness of her subjective complaints and alleged limitations," and may be viewed as "probative of exaggeration." R. at 22 (citing *Knox v. Astrue*, 327 Fed. App'x 652, 655 (7th Cir. 2009)).

The ALJ also considered the objective medical evidence, which is a "useful indicator" in drawing reasonable conclusions about the credibility of an individual's symptoms. 20 C.F.R. § 404.1529(c)(2). In particular, a longitudinal medical record can be "extremely valuable" in the ALJ's evaluation of an individual's statements. SSR 96-7p, 1996 WL 374186, at *6 (July 2, 1996). In assessing Ms. Goodpaster's credibility, the ALJ thoroughly examined several medical opinions both independently and as compared to the medical evidence of record and testimony obtained at the hearing. R. at 22−23. Although the record reflects Ms. Goodpaster's involvement in a serious motor vehicle accident in 1999, the ALJ properly observed that her medical record between the time period following the accident and the filing of the claim "is sparse, and mostly limited to the history of polysubstance abuse." R. at 18.

In addition to medical sources, the ALJ may also rely on nonmedical sources, such as family and friends, when drawing inferences and conclusions about credibility. SSR 96-7p, 1996 WL 374186, at *8 (July 2, 1996). Here, the ALJ took into account the parents' views of their daughter's limitations—albeit "magnified in their eyes"—and explained why she accorded limited weight to their opinions, explicitly giving greater weight to the findings and conclusions of the treating and examining medical sources. R. at 23.

Finally, in instances where a claimant attends an administrative proceeding conducted by the ALJ, he or she may also consider recorded observations of the individual as part of the overall credibility evaluation. SSR 96-7p, 1996 WL 374186, at *6 (July 2, 1996). The ALJ

personally observed Ms. Goodpaster during the hearing on January 4, 2012 and relied on those observations, noting that "she was able to follow the proceedings without difficulty, and responded to questions in an appropriate manner." R. at 15.

An ALJ's credibility determination will be overturned only if it is patently wrong. *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). As described above, the ALJ in the case at bar thoroughly assessed Ms. Goodpaster's credibility and provided specific reasons for her credibility determination, which are well-supported by the record. Thus, Plaintiff's attempt to portray the ALJ's decision as lacking any finding of credibility and, therefore, "patently erroneous" is unavailing.

## Conclusion

We find that the ALJ provided specific reasons for her credibility determination, as set forth by Social Security Ruling 96-7p and supported by substantial evidence in the record. Accordingly, Plaintiff's objection to the Magistrate Judge's well-reasoned Report is OVERRULED and we ADOPT the recommendations set forth in the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

Date: 9/26/2014

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov